### J. MONTGOMERY, Executor, et als. *v* ROUTH AND WILLIAMS.

An unofficial copy of a power of attorney may be given in evidence, where the party offering it, cannot procure the original.

APPEAL from the late District Court of Concordia, *Curry*, J.

*S. L. Johnson*, for plaintiff. *Stacy & Sparrow*, for defendants and appellants.

MORPHEY, J. The defendants are sued as endorsers of a promissory note of $9,807 39, drawn at Jackson, Mississippi, on the 12th of December, 1837, by *George Fimane, John Long, John A. Grimbull*, and *Charles Lynche*, to the order of, and endorsed by, *Shipp, Ferriday & Co.*, and payable on the first of January, 1839, at the Agricultural Bank of Mississippi, at Natchez; the note was placed for collection in the Planters' Bank, at Natchez, and regularly protestted; the Justice of the Peace who made the protest, gave notice of it to the defendant by leaving letters containing such notice, with *William Ferriday*, their agent, at his counting-house, at Natchez, there was a judgment of nonsuit below, from which the plaintiffs appealed.

The endorsements sued on in this action were given by *William Ferriday*, under the same powers as are mentioned in the case of *The Commercial Bank of New Orleans* v. those defendants just decided, the same interrogatories were put to them and the same answer made ; for the reasons given in that case, we conclude that *William Ferriday* was duly authorized to make such endorsements.

It is urged that the notices left with *William Ferriday*, are bad, because an agent is not competent to receive notices unless power to that effect is given him, and that the powers of attorney annexed to the plaintiffs' petition confer no such power, and we have been referred to the cases of *Mantillet* v. *Duncan*, 11 M. R. 534; and *The Louisiana State Bank* v. *Ellory*, 4 N. S. 87. It is not necessary to inquire in this case, whether the authority to receive notices of protest may not be fairly deducible from the comprehensive powers given to *Ferriday* to do all the banking business of his principals, because the plaintiffs have exhibited other powers executed in Mississippi, on the 21st of April, 1837, in which the defendants authorize their agent to do in their names, with the Planters' Bank of Mississippi, a number of transactions therein enumera-

ted and (among others) " to receive and acknowledge notices of protest of all  MONTGOMERY
or any bills of exchange, drafts or promissory notes, and to do and to perform  *v.*
all such other acts as may be necessary in transacting our business with the  ROUTH.
said institution."

To prove these last powers, the plaintiffs offered in evidence copies of the
original, which are private documents lodged in the Planters' Bank, in Missis-
sippi, and proved, by the cashier who was examined under a commission, that
he could not part with the originals which belonged to the bank, that they
were signed by the defendants, and that the copies which he annexed to his an-
swers were correct copies of such originals, and they further proved the death
or absence of the subscribing witnesses; this evidence was objected to on the
ground that the originals should have been produced, as they were not alleged
to be lost or mislaid, but on the contrary, were shown to exist. The Judge ad-
mitted the copies, and defendant took a bill of exceptions. The Judge below
did not err. The rule is, that a party is not obliged to produce the very best
possible evidence of the fact to be proven, but the best in his power and under
the circumstances of the case. The best evidence of the contents of a written
instrument consists no doubt in the actual production of the instrument, but
when the impossibility of producing it has been shown to the Court, seconda-
ry evidence must be admitted. 1st Starkie, on Evidence, p. 282. In the pres-
ent case, the paper is beyond the control of the process of our Court, and the
party can do no more than prove its contents.

It has been finally argued that the power is to transact for the principals the
business therein mentioned with the Planters' Bank, of the State of Mississippi
and not with the plaintiffs; that the note sued on, never did belong to that
Bank who merely held it a short time for collection; to this it is a sufficient an-
swer that as the Planters' Bank had undertaken to collect this note, the pro-
testing and giving notice of the protest to *Routh* and *Williams*, was part of
the business which the Bank had with these persons.

There is an admission in the record that the note bears eight per cent. inter-
est per annum by the laws of Mississippi.

It is therefore ordered that the judgment of the District Court be reversed,
and proceeding to give such judgment as in our opinion, should have been
rendered below, it is ordered and decreed that the plaintiffs do recover of,
and have judgment against, the defendants, in solido, for $9,807 39, with inter-
est thereon, at the rate of eight per cent. per annum, from the fourth of Janu-
ary, 1839, until paid, with costs in both Courts.